1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SOFIA A. WILLIAMS,                          )
                                            )
                          Plaintiff,        )          Case No. 2:11-cv-02112-KJD-CWH
                                            )
vs.                                         )          **ORDER**
                                            )
GOLD COAST HOTEL AND CASINO, et al.,        )
                                            )
                                            )
                          Defendants.       )
_____)

     This matter is before the Court on Defendant United States' Motion to Stay Discovery Plan/Scheduling Order (#21), filed March 2, 2012, and Defendant United States' Motion to Request a Special Scheduling Conference (#62), filed May 4, 2012.  By way of the motion, the United States requests that the Court stay discovery until the Court has had an opportunity to issue a ruling on the pending motion to dismiss (#20).

     The Federal Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011) (citation omitted).   As a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  United States Magistrate Judge Peggy Leen recently undertook a detailed and thorough review of the state of the law as pertains to staying discovery in the *Tradebay* case.  In light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," Judge Leen confirmed that the preferred approach is that set forth previously in *Twin City Fire*

1    *Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System,*

2    *Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).   As *Twin City* and *Turner Broadcasting* state, a

3    pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery"

4    unless jurisdiction, venue, or immunity are preliminary issues.  *See Turner Broadcasting*, 175 F.R.D. at

5    554, 555-6 (quoting *Twin City*, 124 F.R.D. at 652).

6    "It is well-established that a party seeking a stay of discovery carries the heavy burden of

7    making a strong showing why discovery should be denied."  *Tradebay*, 278 F.R.D. at 601 (citing

8    *Turner Broadcasting*, 175 F.R.D. at 556.  Dispositive motions are a frequent part of federal practice.

9    An overly lenient standard for granting requests to stay due to pending dispositive motions would result

10   in unnecessary delay in many cases.  Thus, in the context of a pending Rule 12(b)(6) motion, "[a] stay

11   of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a

12   claim for relief."  *Id*. at 603.  This often requires a magistrate judge to take a "preliminary peek" at a

13   pending dispositive motion.  This "preliminary peek" is not intended to prejudge the outcome, but to

14   evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1."

15   *Id*. (citation omitted).  That discovery may involve inconvenience and expense is not sufficient to

16   support a stay of discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.[1]

17   The Court has preliminarily reviewed the pending motion to dismiss and finds that Defendant

18   United States has made the necessary showing to support its requested stay.  The complaint in this

19   matter was filed on December 29, 2011.  (#1).  It is difficult to determine from the face of the complaint

20   exactly what claims Plaintiff is attempting to bring, what facts might support those claims, and to which

21   Defendants the claims might apply.  It is apparent, however, that there are several preliminary issues

22   which must be addressed, particularly regarding Defendant United States.  In particular, the United

23   States challenges both subject matter jurisdiction and personal jurisdiction, claims that there has been

24   insufficient process and service of process, and claims that it is immune from section 1983 claims.  *See*

---

27   [1] As noted in *Tradebay*, "[t]he explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), has made the speedy determinations of cases increasingly more difficult."  Thus, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  *Tradebay*, 278 F.R.D. at 603.

*e.g. Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (holding that a federal agency is immune from a section 1983 suit absent revocation of that immunity by Congress). Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States' Motion to Stay Discovery Plan/Scheduling Order (#21) is **granted**.  The discovery stay is limited to Defendant United States.  All other parties shall proceed with discovery.

**IT IS FURTHER ORDERED** that  Defendant United States' Motion to Request a Special Scheduling Conference (#62) is **denied as moot**.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge
Dated: May 8, 2012

3