# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SOFIA WILLIAMS,

    Plaintiff,

v.

GOLD COAST HOTEL AND CASINO, *et al*.,

    Defendants.

Case No. 2:11-CV-2112-KJD-CWH

**ORDER**

    Presently before the Court is Defendant United States of America's Motion to Dismiss (#20). Plaintiff filed a response in opposition (#37/38) to which the United States replied (#40/44). Also before the Court is the Motion to Dismiss (#34) of Defendant State of Nevada, Department of Business and Industry, Division of Industrial Relations, Occupational Safety and Health Administration ("Nevada OSHA"). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition to Nevada OSHA's motion.

I.  Background

    Plaintiff filed her complaint on December 29, 2011. On January 19, 2012, Plaintiff personally served the Summons and Complaint on the United States Attorney, for the District of Nevada, designating the "Occupational Safety and Health Administration (OSHA)" as Defendant.

Using a constable, Plaintiff served the Summons and Complaint again on January 26, 2012, and then a third time on February 15, 2012. On February 22, 2012, a process server served the Occupational Safety and Health Administration by serving the Summons and Complaint on the Office of the Attorney General at 950 Pennsylvania Avenue NW, Washington, D.C., 20530.

Plaintiff's complaint refers to OSHA generally without a specific separation of either the state agency or the federal agency. However, all of the allegations of the complaint refer to actions taken by the state office rather than the federal agency. The United States has now moved to dismiss for failure to serve Plaintiff in accordance with the Rules and for failure to state a claim. Nevada OSHA has also moved to dismiss the complaint for failure to state a claim.

II.  Service on an Agency of the United States

To serve a United States agency, a party must serve the United States and send a copy of the summons and complaint by registered or certified mail to the agency. See Fed. R. Civ. Pr. 4(i)(2). To serve the United States, a party must: (1) deliver a copy of the summons and complaint to the United States attorney where the action is brought, in this case Nevada; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. See Fed. R. Civ. Pr. 4(1)(A,B). Here, the Court cannot find that Plaintiff served the summons and complaint in compliance with Rule 4, because Plaintiff did not send a copy of the summons and complaint to the agency as required by Rule 4(i)(2). The Court would grant an extension of time to Plaintiff to cure her failure in accordance with Rule 4(i)(4), however, to do so would be futile.

Even if Plaintiff adequately effected service, the Court would still dismiss the complaint against the United States, because Plaintiff has failed to state a claim upon which relief may be granted. First, Plaintiff's complaint contains no factual allegations that involve the United States. All of the actions that Plaintiff complains of were taken by Nevada OSHA, a division or agency of the State of Nevada.

Second, even if the Court were to construe Plaintiff's complaint so liberally that the actions of Nevada OSHA were imputed to the United States, the United States has not waived its sovereign immunity.  See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985)(United States may not be sued absent an explicit and unequivocal waiver of its sovereign immunity).  A federal agency may not be sued absent an explicit and unequivocal waiver of its sovereign immunity and 42 U.S.C. § 1983 does not waive the sovereign immunity of federal agencies.  See Jacetta v. U.S., 653 F.3d 898, 908 (9th Cir. 2011).  Further, the United States has not waived sovereign immunity for suits for damages based on alleged constitutional tort violations by its employees.  See Roundtree v. U.S., 40 F.3d 1036, 1038 (9th Cir. 1994).   Plaintiff carries the burden of proving waiver of sovereign immunity.  See Dunn & Black, P.S. v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007).  Plaintiff has not met her burden.  Therefore, the Court grants the United States' Motion to Dismiss (#20).

III.  Nevada OSHA's Motion to Dismiss

Plaintiff has failed to oppose Nevada OSHA's motion to dismiss.  Failure to file points and authorities in opposition to a motion constitute consent to the Court granting the motion.  See Local Rule 7-2(d).  Therefore, in accordance with Local Rule 7-2(d) and considering the motion on its merits, the Court grants the motion to dismiss.

First, Plaintiff's claim that Nevada OSHA's inspection of the Gold Coast in response to Plaintiff's complaint was not "good enough" fails pursuant to Nevada Revised Statute ("NRS") 41.033.  NRS 41.033 states that no action may be brought against any agency of the state for failing to inspect or failing to discover hazards.  See, e.g., Coty v. Washoe County, 839 P.2d 97, 99 (Nev. 1992)(a public duty runs to all citizens but not individuals).

Second, as a matter of law, Plaintiff is not entitled to sue Nevada OSHA regarding its administrative decision regarding the Gold Coast inspection.  "The law is well settled that the right to review an administrative decision is limited to those parties to the proceedings before the administrative agency whose rights, privileges, or duties are affected by the decision."  See Eikelberger v. Nev. St. Bd. of Accountancy, 531 P.2d 853 (Nev. 1975).  In the facts alleged by

Plaintiff, the parties to the proceeding are Nevada OSHA and the Gold Coast.  Furthermore, in the state of Nevada, authority for enforcement of OSHA provisions is given to the state agency.  See NRS § 618.825.  Any employee who files a complaint about an OSHA violation and is subject to discipline or discharge by his or her employer may file a complaint with the Division Administrator, who may investigate and, if required, bring an action.  See NRS § 618.445 (1) and (2).  Furthermore, such complaints must be filed within thirty (30) days of the violation.  See NRS § 618.445(2).  Plaintiff failed to file any complaint.

Third, to the extent that Plaintiff asserts violations against Nevada OSHA under 42 U.S.C. § 1983, the Court must dismiss those claims as well.  Plaintiff asserts generally that Nevada OSHA has violated her constitutional rights.  However, none of the facts alleged, if true, would constitute a violation of Plaintiff's constitutional rights.  Plaintiff's complaint alleges causes of action for constitutional violations and monetary damages against Defendant Nevada OSHA.  The constitutional claims for monetary relief against Nevada OSHA fails under the "well established" principles articulated in Lapides and reiterated in Lake Tahoe: "A state and its officials acting in their official capacities are not considered 'persons' within the meaning of § 1983." Bank of Lake Tahoe v. Bank of Am., 318 F.3d 914, 916-17 (9th Cir. 2002)(citing Lapides v. Board of Regents, 535 U.S. 613 (2002)).  Therefore, Plaintiff's claims against Nevada OSHA must be dismissed.[1]

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant United States of America's Motion to Dismiss (#20) is **GRANTED**;

///
///
///
///

---

[1] Granting Plaintiff leave to amend the claims against both the United States and Nevada OSHA would be futile, because amendments would not overcome the jurisdictional obstacles identified by the Court.

IT IS FURTHER ORDERED that the Motion to Dismiss (#34) of Defendant State of Nevada, Department of Business and Industry, Division of Industrial Relations, Occupational Safety and Health Administration is **GRANTED**.

DATED this 3rd day of September 2012.

_____
Kent J. Dawson
United States District Judge