1

2

3

4

5

6

7          **UNITED STATES DISTRICT COURT**

8             **DISTRICT OF NEVADA**

9

10   SOFIA A. WILLIAMS,

11         Plaintiff,                          Case No. 2:11-CV-2112-KJD-CWH

12   v.                                        **ORDER**

13   GOLD COAST HOTELS AND CASINOS
     d/b/a GOLD COAST HOTEL AND
14   CASINO, *et al*.,

15         Defendants.

16

17         Presently before the Court is the Motion to Dismiss or for a More Definite Statement (#12) of

18   Defendants Gold Coast Hotels and Casinos ("Gold Coast") and Boyd Gaming Corporation ("Boyd

19   Gaming"). Plaintiff filed a response in opposition (#17) to which Defendants Gold Coast and Boyd

20   Gaming replied (#22). Plaintiff also filed what appears to be a reactionary Motion for Summary

21   Judgment (#16). Defendants filed a response in opposition (#26). Since Plaintiff's motion for

22   summary judgment has been filed early in the proceedings before discovery was commenced and

23   because it is not supported with admissible evidence demonstrating that no genuine issue of material

24   fact prevents the Court from granting the motion, it is denied.

25

26

I. Background

The Court attempts to draw the background from Plaintiff's prolix, *pro se* complaint.  The Court construes the complaint liberally, as it must when considering the briefing of a *pro se* party. Despite Defendants' characterizations, the complaint is not hard to read.  It is handwritten in extremely tidy and legible print.  The complaint's main flaw come from its organization and Plaintiff's use of legal conclusions rather than facts.  The complaint is essentially broken into three sections: (1) a list of defendants with a list of causes of actions she wishes to assert against each defendant; (2) a separate list of five counts asserting violations of her rights by defendants which provides more facts to support her legal conclusions; and (3) a twelve page supplement containing mostly facts without an indication of which causes of action they belong to.

It appears that Plaintiff was hired as a "casino dealer" by Defendant Gold Coast on or about December 16, 2000.  Plaintiff asserts that she was discriminated against during her term of employment because of her gender, national origin (Cyprus), disability and was also retaliated against for complaining about the discrimination.  The alleged discrimination consisted of a hostile work environment and disparate treatment.  Plaintiff also asserts that the working environment was extremely unhealthy for employees due the amount of smoke and lack of oxygen.

Plaintiff asserts that she was terminated on or about July 27, 2009 due to false complaints about her by customers and co-workers.  Plaintiff then filed a charge of discrimination with the Equal Opportunity Employment Commission on or about May 14, 2010.  She then filed the present complaint on or about December 29, 2011.  Plaintiff named Gold Coast, Boyd Gaming Corporation (the parent corporation of Gold Coast), the Occupational Safety and Health Administration ("Nevada OSHA") of the State of Nevada, and the United States of America as defendants.  She asserts various violations of her civil rights under 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA").  She also asserts various state law causes of action such as fraud and conspiracy.  She also asserts claims for murder and attempted murder.  Defendants have now moved to dismiss her claims.

1    II.  Standard for a Motion to Dismiss

2           In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as

3    true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v.

4    Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

5    Consequently, there is a strong presumption against dismissing an action for failure to state a claim.

6    See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

7           "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

8    as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,

9    1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

10   context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to

11   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

12          The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the

13   allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

14   which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the

15   Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

16   relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion

17   to dismiss. Id. at 1950.

18   III.  Analysis

19          A.  Count I: Wrongful Termination

20          The only potentially viable cause of action in Count I is Plaintiff's claim for wrongful

21   termination.  However, Plaintiff has not alleged that she has a written employment contract.  In

22   Nevada, absence of a written employment agreement gives rise to the presumption that employment

23   is at-will.  See Brooks v. Hilton Casinos, Inc., 959 F.2d 757, 759 (9th Cir. 1992)(applying Nevada

24   law); Vancheri v. GNLV Corp., 777 P.2d 366 (Nev. 1989).  Without at least an allegation that the

25   employer expressly or impliedly agreed with the employee that employment is for an indefinite term

26   and may be terminated for cause only or in accordance with established policies and procedures,

1    Plaintiff has failed to state a claim for wrongful termination.  See D'Angelo v. Gardner, 819 P.2d

2    206, 211 (Nev. 1991).  "Generally, an at-will employment contract can be terminated whenever and

3    for whatever cause by an employer without liability for wrongful discharge if the employment is not

4    for a definite term and if there is no contractual or statutory restrictions on the right of discharge."

5    Smith v. Cladianos, 752 P.2d 233, 234 (Nev. 1988).  Thus all of Plaintiff's claims in Count I must be

6    dismissed because she has only alleged at-will employment.  Any other allegations lack factual

7    substance enough to state a claim upon which relief may be granted.  Therefore, Count I is dismissed

8    as to all parties.

9           B.  Count II

10          Count II appears to attempt to state a claim under Title VII for sexual harassment and

11    discrimination based on sex, sexual orientation, gender, race, color, national origin, religion and

12    disability.  Before a district court may have jurisdiction over any Title VII claim, including sexual

13    harassment claims, a plaintiff must have exhausted her administrative remedies, by "filing a timely

14    charge with the EEOC, or the appropriate state agency."  B.K.B. v. Maui Police Dep't, 276 F.3d

15    1091, 1099 (9th Cir. 2002); See 42 U.S.C. 2000e-5.  The crucial element of a charge of

16    discrimination is the charge's factual statement.  B.K.B., 276 F.3d at 1100.  Allegations of

17    discrimination not included in plaintiff's administrative charge may not be considered by a federal

18    court unless the new claims are like or reasonably related to the allegations contained in the new

19    charge.  Id., citing EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994).

20          In the present action, Plaintiff's Charge of Discrimination checked boxes for discrimination

21    based on sex, national origin, disability and retaliation.  Additionally, looking to the facts stated in

22    the charge, Plaintiff stated facts which would alert an employer that Plaintiff was alleging claims of

23    discrimination based on her national origin and sex.  Further the statement of facts shows that

24    Plaintiff alleged that she was being retaliated against for complaining of discrimination and was also

25    alleging disability discrimination.  Further, the Court finds that she has adequately pled causes of

26    action in her complaint arising under Title VII for gender or sex discrimination, national origin, and a

4

1  hostile work environment based on sex, gender and national origin.  Furthermore, the complaint

2  adequately states claims for relief based on retaliation.

3        However, the Charge of Discrimination does not mention any claim of discrimination based

4  on race, color or religion.  Therefore, any asserted causes of action based on those claims is

5  dismissed.  Additionally, the Charge does not mention Defendant Boyd Gaming.  "[I]n the absence

6  of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly

7  owned subsidiary."  See Assoc. of Mexican-American Educators v. Cal., 231 F.3d 572, 582 (9th Cir.

8  2000)(quoting Watson v. Gulf & Western Inds., 650 F.2d 990, 993 (9th Cir. 1981)).  Plaintiff has

9  failed to establish any special circumstances. Therefore, all claims alleged against Boyd Gaming are

10  dismissed.

11        Furthermore, any claim for discrimination based on a discrete act must be filed within 300

12  days of the date Plaintiff filed her charge, May 14, 2010.  See Nat'l R.R. Passenger Corp. v. Morgan,

13  536 U.S. 101, 114-15 (2002).  Therefore, any claims that arose based on actions before that date are

14  dismissed.  However, Plaintiff's claims based on a hostile work environment need not be limited by

15  this provision, because it is composed of a series of separate acts that collectively constitute one

16  unlawful employment practice.  See id.  at 116-19.  Therefore, in resolving the claims for a hostile

17  work environment, the Court or finder-of-fact may consider conduct that arose outside the 300-day

18  period as long as it related to the claim.  See id.  at 116-17.

19        Finally, all other claims asserted in Count II are dismissed for failure to state a claim upon

20  which relief may be granted.

21        C.  Count III

22        It is unclear whether Plaintiff intends to bring her claims found in Count III for violations of

23  federal or state regulations regarding health and hazardous working conditions.  However, under

24  either framework the Court dismisses the claims.  First, 29 U.S.C. § 660(c)(2), pertaining to

25  Occupational Health and Safety regulations, allows any employee who believes that she has been

26  discharged or otherwise discriminated against by any person for asserting rights under OSHA

5

1    regulations "to file a complaint with the Secretary alleging such discrimination" within thirty (30)

2    days of the alleged discriminatory act.  Plaintiff does not dispute that she did not file a complaint in

3    accordance with section 660.  Furthermore, even if she had, the Secretary has the right to bring an

4    action in federal court on the employee's behalf, not the employee herself.  See 29 U.S.C. §

5    660(c)(2).  Thus, any claims brought by Plaintiff for retaliation or injury under 29 U.S.C. § 651, *et.*

6    *seq.*, are dismissed.

7          Similarly, in the state of Nevada, authority for enforcement of OSHA provisions is given to

8    the state agency.  See NRS § 618.825.  Any employee who files a complaint about an OSHA

9    violation and is subject to discipline or discharge by his or her employer may file a complaint with

10   the Division Administrator, who may investigate and, if required, bring an action.  See NRS §

11   618.445 (1) and (2).  Furthermore, such complaints must be filed within thirty (30) days of the

12   violation.  See NRS § 618.445(2).  Therefore, Plaintiff's claims arising under Count III must be

13   dismissed.

14         D.  Count IV

15         The claims, if any, in Count IV are dismissed, except to the extent that Plaintiff asserted facts

16   that may apply to her discrimination claims.  Otherwise, Count IV reads more like a list of her

17   general disagreements with management and Plaintiff fails to state actionable claims.

18         E.  Count V

19         To the extent Plaintiff seeks to state a claim for disability discrimination under the ADA, the

20   Court must dismiss this Count, because Plaintiff has failed to allege a *prima facie* case.  In order to

21   adequately allege a violation of the ADA, Plaintiff must assert: (1) that she suffers from a disability;

22   (2) that she is otherwise qualified to perform essential functions of employment, with or without

23   reasonable accommodation; (3) that she suffered an adverse employment action; (4) that a causal

24   connection exists between the adverse employment action and the disability.  See Snead v. Metro.

25   Prop. & Cas. Ins. Co., 273 F.3d 1080, 1094 (9th Cir. 2001).  Here, Plaintiff has only made the bare

26   assertion that she is disabled without legibly identifying her disability.  Further, Plaintiff has not

1  alleged the causal connection between her disability and her termination.  Accordingly, this claims is

2  dismissed with leave to amend.

3      F.  Other Claims

4      To the extent that Plaintiff has asserted other claims, they are dismissed for failure to state a

5  claim.  Though the pleading is written on the Court's form for *pro se* civil rights complaints, Plaintiff

6  does not appear to assert any specific violations of her civil rights by specific individuals.  In fact, the

7  only "state actor" identified in the complaint is the state office of OSHA.  Therefore, any claims

8  arising under 42 U.S.C. § 1983 against other defendants are dismissed.

9      Furthermore, to the extent that Plaintiff attempts to bring claims for "murder" or "attempted

10  murder" for the death of a fellow dealer, who Plaintiff believes was sickened by the physical

11  environment of the Gold Coast, they must be dismissed, because Plaintiff lacks standing to seek

12  relief for his injuries.  To the extent that Plaintiff asserts claims for fraud, those claims must be

13  dismissed, because Plaintiff failed to state with particularity the circumstances constituting fraud.

14  See Fed. R. Civ. Pr. 9(b).  Finally, Plaintiff's claims for conspiracy must be dismissed, because she

15  has not alleged with any particularity that Defendants reached some explicit or tacit understanding or

16  agreement to accomplish a wrongful goal.  See Goodwin v. Executive Trustee Servs., LLC, 680 F.

17  Supp.2d 1244 (D. Nev. 2010).

18      G. Summary

19      Plaintiff's only remaining claims are those for sex or gender discrimination, national origin

20  discrimination and retaliation arising under Title VII.  All other claims against Defendants Gold

21  Coast and Boyd Gaming are dismissed.

22  IV.  Conclusion

23      Accordingly, IT IS HEREBY ORDERED that Defendants Gold Coast and Boyd Gamings'

24  Motion to Dismiss or for a More Definite Statement (#12) is **GRANTED in part and DENIED in**

25  **part**;

26

7

1        IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (#16) is

2  **DENIED**;

3        IT IS FURTHER ORDERED that any amended complaint be filed within fourteen (14) days

4  of the entry of this order.

5        DATED this 4th day of September 2012.

Kent J. Dawson
United States District Judge