**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| SOFIA A. WILLIAMS, | ) | 2:11-cv-02112-APG-CWH |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| GOLD COAST HOTELS AND CASINOS d/b/a GOLD COAST HOTEL AND CASINO, *et al.*, | ) | |
| Defendant. | ) | |

Currently before the Court are Defendant Gold Coast Hotel and Casino's ("Gold Coast") Motion to Dismiss, or, in the alternative, for Summary Judgment (#79), and Plaintiff Sofia Williams' Motion to Extend Time (#84).

**BACKGROUND**

Plaintiff alleges in her complaint that she was hired as a casino dealer by Gold Coast on or about December 16, 2000. Plaintiff asserts that she faced discrimination at her workplace because of her gender, national origin, and disability, and that she was retaliated against for complaining about the discrimination. The alleged discrimination consisted of a hostile work environment and disparate treatment. Plaintiff also asserts that the working environment was extremely unhealthy for employees due to the amount of smoke and lack of oxygen.

Plaintiff asserts that she was terminated on or about July 27, 2009 due to false complaints about her by customers and co-workers. Plaintiff filed a charge of discrimination with the Equal

Employment Opportunity Commission on or about May 14, 2010.  Plaintiff then filed her complaint in this action on December 29, 2011 (#1).

On September 4, 2012, the Court granted in part and denied in part Gold Coast and Boyd Gaming's Motion to Dismiss or for a More Definite Statement (#12).  The only remaining claims are those for sex or gender discrimination, national origin discrimination and retaliation arising under Title VII.  Plaintiff was given leave to amend.  On October 3, 2012, Plaintiff filed her amended complaint (#78).

On October 9, 2012, Gold Coast filed a Motion to Dismiss, or, in the alternative, for Summary Judgment (#79).  On October 23, 2012, Plaintiff opposed (#81).  On November 1, 2012, Gold Coast filed its reply (#82).  On November 28, 2012, Plaintiff filed a Motion to Extend Time (#84).  Gold Coast opposed (#86) on December 17, 2012, and Plaintiff replied (#87) on December 28, 2012.

## LEGAL STANDARD

Courts engage in a two-step analysis when considering a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  First, courts accept only non-conclusory allegations as true. *Iqbal*, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.  The court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court then must determine whether the complaint "states a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## MOTION TO DISMISS (#79)

### A. Count I: Wrongful Termination

The court previously dismissed Plaintiff's claim for wrongful termination because Plaintiff did not allege that she had a written employment contract.  (Order dated Sep. 4, 2012 (#72).)  In an attachment to her amended complaint, Plaintiff alleges that she should not be treated as an at-will employee because she signed the employee handbook each year she was employed by Gold Coast. She alleges that the employee handbook "describes contractual restrictions and rules on the right of discharges by setting out a point system for termination of employment."  (Attachment to Am. Compl. ¶ D (#78).)

In Nevada, employees are presumed to be at-will unless the employee proves that an express or implied contract of employment provided for termination only for cause.  *Southwest Gas Corp. v. Vargas*, 901 P.2d 693, 697 (Nev. 1995).   An employee handbook setting forth reasons for which an employee could be terminated and stating that an employee could be discharged only for cause may serve as an employment contract.  *American Bank Stationery v. Farmer*, 799 P.2d 1100, 1102 (Nev. 1990); *see also Vargas*, 901 P.2d at 697.  However, not all employee handbooks explaining a company's policies regarding termination transform an at-will employee into an employee who may be discharged only for cause.  In this case a question of fact exists as to whether the handbook Plaintiff allegedly signed contractually changed her at-will status.  *Farmer*, 799 P.2d at 1102.

Gold Coast argues only that the court previously dismissed this claim, without addressing Plaintiff's argument that the handbook created a "for cause termination" employment agreement. The court previously granted Plaintiff leave to amend her complaint, and Plaintiff has corrected the deficiency. Plaintiff alleges that she was not an at-will employee because the employee handbook contained provisions governing termination. For that reason, the amended complaint facially states an adequate claim for wrongful termination, and will not be dismissed.

**B. Count II: Discrimination and Retaliation**

Plaintiff appears to be asserting claims under Title VII for sexual harassment and discrimination based on gender, race, national origin, religion, and disability. In the previous Order (#72), the court noted that any claim for discrimination must be based on a discrete act that occurred within 300 days of the date Plaintiff filed her charge of discrimination; the court dismissed any claims that are based on discrete acts occurring before that date. However, because a claim for hostile work environment "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice,'" a Title VII plaintiff need only file a charge within 300 days after the unlawful practice occurs, even if some of the component acts of the hostile work environment fall outside of the statutory time period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (citations omitted). At least one act contributing to a hostile work environment claim must occur within the filing period. *Id.*

Plaintiff filed her charge of discrimination on May 14, 2010. Therefore, any discrete acts of discrimination that occurred prior to July 18, 2009 were dismissed by the court's previous Order (#72). Plaintiff was terminated on July 27, 2009, allegedly because of a customer complaint made on July 24, 2009 and because Plaintiff had made too many complaints about health hazards at the casino in the last few months of her employment. Plaintiff asserts that Gold Coast did not allow her to explain the incident involving the customer complaint before terminating her.

Plaintiff also alleges numerous incidents of being subjected to name-calling by customers, co-workers, and supervisors based on her sex and national origin throughout her term

4

of employment.  However, Plaintiff does not include time periods for most instances, and any time-specific incidents of name-calling fall outside of the 300-day limitations period.  While the Court previously noted that Plaintiff may assert a claim for hostile work environment based on an ongoing unlawful practice, Plaintiff must show that at least one act of hostile work environment occurred during the limitations period.

Taking Plaintiff's *pro se* status into consideration and reading her complaint generously, the court finds that Plaintiff has alleged a claim for hostile work environment based on her allegations of name-calling and physical assault by customers and co-workers combined with the termination from employment which occurred during the limitations period.  Plaintiff alleges that she received numerous taunts from co-workers that she would be fired, and when she was terminated, her supervisors refused to consider the circumstances surrounding her termination.  Whether the facts surrounding the termination ultimately may allow the previous incidents of name-calling and harassment to be considered under the umbrella of hostile work environment is a question of fact at this point.  For that reason, at this stage in the litigation, Plaintiff may proceed with her claim for hostile work environment, discrimination based on gender and national origin, and retaliation, as found in the previous Order (#72).  Therefore, the Motion to Dismiss (#79) is denied with respect to the discrimination, hostile work environment, and retaliation claims that were timely brought.

### **MOTION FOR EXTENSION OF TIME (#84)**

Plaintiff filed a Motion for Extension (#84) in which she argues that she is unable to defend her case without additional information from Defendants.  Plaintiff requests that the court stay its decision on the Motion to Dismiss until discovery has concluded and Plaintiff is allowed to file additional documents in support of her Amended Complaint.  Plaintiff's Motion for Extension of Time (#84) is denied because discovery need not be concluded before the Court may rule on the Motion to Dismiss.

/ / / /

/ / / /

5

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (#79) is **DENIED IN PART**. Plaintiff may proceed with her claims asserting (1) wrongful termination, (2) discrimination based on gender and national origin, (3) hostile work environment based on gender and national origin, and (4) retaliation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension (#84) is **DENIED**.

DATED this 11th day of July, 2013.

_____
**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**