UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SOFIA A. WILLIAMS,<br><br>               Plaintiff,<br><br>     v.<br><br>GOLD COAST HOTEL AND CASINO, et al.,<br><br>               Defendants. | Case No. 2:11-CV-02112-APG-CWH<br><br>**ORDER** |

     Defendant Coast Hotels and Casinos, dba Gold Coast Hotel and Casino, moves for reconsideration of my July 12, 2013 Order, which denied in part Gold Coast's Motion to Dismiss, or, in the Alternative, for Summary Judgment.  Gold Coast contends I should reconsider the portion of the Order which allowed Plaintiff Sofia A. Williams to proceed with her claim for wrongful termination because I previously dismissed that claim, and because the evidence shows Williams was an at-will employee who cannot state a claim for wrongful termination.  As for Williams' claims for discrimination based on gender and national origin, and retaliation, Gold Coast contends there is no evidence it terminated Williams' employment due to her complaints about health hazards at the casino or due to her gender or national origin; rather, the evidence shows Gold Coast terminated Williams due to a customer complaint.  Gold Coast also argues that Williams failed to allege in her Amended Complaint any instances of a hostile work environment during the 300-day limitations period prior to the date she filed her charge of discrimination, and there is no evidence of any such incidents to support a hostile work environment claim.  Gold Coast therefore requests I reconsider my prior Order and dismiss or grant summary judgment on Williams' remaining claims.

     The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as the Court has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis

and quotation omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Other "highly unusual" circumstances may warrant reconsideration. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

No newly discovered evidence or change in controlling law supports reconsideration, and the prior Order is neither clearly erroneous nor manifestly unjust. Gold Coast previously could and should have presented its evidence and arguments that it now presents on reconsideration. Thus, reconsideration is not warranted.

However, it appears Gold Coast may have meritorious defenses to Williams' claims, and I therefore would be inclined to extend the dispositive motion deadline. Magistrate Judge Hoffman previously indicated he would revisit the need to reopen discovery on the motion of either party if Williams' Amended Complaint survived dismissal. (Dkt. #92 at 4-5.) I therefore refer this matter to the Magistrate Judge for consideration of whether to extend the discovery deadlines or set the matter for a settlement conference, and to reset the dispositive motion deadline based on his decision regarding extension of the discovery deadline.

IT IS THEREFORE ORDERED that Defendant Coast Hotels and Casinos, Inc., dba Gold Coast Hotel and Casino's Motion to Reconsider (Dkt. #95) is hereby DENIED.

////

////

////

////

IT IS FURTHER ORDERED that this matter is referred to Magistrate Judge Hoffman for consideration of whether to extend the discovery deadlines or set the matter for a settlement conference, and to reset the dispositive motion deadline.

DATED this 15th day of September, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE